IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,

    Plaintiff,
vs.                                                          Case No: 5:11-cv-169-RS-GRJ

DOCTOR LIPSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. Docs. 1 and 2. The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### Plaintiff's Allegations

Plaintiff alleges that he was confined in the Bay County Jail and received medical care from Doctor Lipson from November 2005 through December 2008. Plaintiff alleges that he suffered from severe acid reflux, also known as Gastroesophageal Reflux Disease (GERD). Plaintiff alleges that his physician prior to his incarceration said that Plaintiff needed upper and lower GI endoscopy annually, and treated Plaintiff with Prilosec. While Plaintiff was incarcerated, Dr. Lipson changed his medication from Prilosec to Zantac, which did not relieve Plaintiff's symptoms as well as Prilosec. Plaintiff alleges that in 2005 he was sexually assaulted in the jail, and that in June 2007 he was referred to a hospital for treatment. He alleges that the referral doctor

recommended endoscopy, but Dr. Lipson did not order such testing. Plaintiff contends that Dr. Lipson denied him such testing for pecuniary reasons and to cover up the alleged sexual assault. Plaintiff contends that Dr. Lipson is "guilty of negligent medical malpractice." Doc. 1.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) governing proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

## Discussion

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Even with a liberal construction, the allegations of the Complaint fail to state a claim for deliberate indifference. At most, Plaintiff's claims reflect a disagreement with Dr. Lipson's medical judgment regarding which medications to prescribe Plaintiff and

which tests to order.  Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Plaintiff's allegations regarding Dr. Lipson's pecuniary motives and alleged cover-up are wholly conclusional and unsupported by any plausible factual assertions.

### Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED**.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 28th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.